UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUSTY NORMAN and WEYMAN MAXON, on behalf of themselves and all others similarly situated | * * * | CIVIL ACTION NO.: |
| vs. | * * * | MAGISTRATE JUDGE: |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | * * * | JUDGE: |

## CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Rusty Norman and Weyman Maxon, who hereby allege as follows:

### SUMMARY

1. Plaintiffs bring this claim pursuant to the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.* to recover long-term disability benefits that Defendant improperly reduced by offsetting maintenance paid under the general maritime law and advances and lump sum recoveries paid pursuant to the Jones Act, 46 U.S.C. §688, that were incorrectly classified as "Other Income Benefits" under Defendant's disability policies.

### PARTIES

2. Plaintiff, Rusty Norman, is a major, individual, domiciled in the State of Pennsylvania.

3. Plaintiff, Weyman Maxon, is a major, individual, domiciled in the State of Georgia.

4. Defendant, Life Insurance Company of North America, (hereinafter "LICNA") is a foreign corporation, domiciled at 1601 Chestnut Street, Two Liberty Place, Philadelphia, PA 19192.

## JURISDICTION AND VENUE

5. The LICNA disability policies described in this Complaint are employee welfare benefit plans as defined under ERISA and 29 U.S.C. §1002(1). Plaintiffs' claims are brought pursuant to 29 U.S.C. §1132(a)(1) for the improper reduction of disability benefits under §502(a)(1)(B) of ERISA. Accordingly, this Honorable Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §1331. Further, venue is proper in this Court because LICNA's policy covering Plaintiff, Rusty Norman, was delivered in the State of Louisiana to Plaintiff Norman's employer, Crosby Tugs, LLC, which is domiciled in the Eastern District of Louisiana.

## FACTS

6. Plaintiff, Rusty Norman, was employed by Crosby Tugs, LLC, as a "seaman" within the intendment of the Jones Act, 46 U.S.C. §688, and was injured in the course and scope of his employment on or about January 1, 2013 while employed as an able bodied seaman assigned to the M/V CROSBY STAR, and on April 4, 2013 while working aboard the M/V CROSBY DIVINITY.

7. Plaintiff, Weyman Maxon, was employed by Martin Resource Management Corp., as a "seaman" within the intendment of the Jones Act, 46 U.S.C. §688, and was injured in the course and scope of his employment on or about November 4, 2015 while employed as a able bodied seaman assigned to the M/V ANNIE JEANNE.

8. Defendant, LICNA, issued a disability group policy to Norman's employer, Crosby Tugs, LLC, Policy No. VDT-961002, effective November 1, 2011. The policy is attached hereto as Exhibit "1." This policy was in effect at the time of Plaintiff Norman's injuries and remains in effect today. LICNA also issued the same, or a substantially similar, policy to Plaintiff Maxon's employer, Martin Resource Management Corp. Both Plaintiffs were insured under the policies.

9. Norman and Maxon satisfied all requirements for the disability group benefit provided in the LICNA policy and began receiving long-term disability benefits.

10. According to Defendant's policy, the gross disability benefit should be calculated at the lesser of 60% of an Employee's monthly Covered Earning rounded to the nearest dollar, or the Maximum Disability Benefit. (Exhibit "1," p. 5)

11. Instead of paying the contractually required monthly benefit amount, Defendant improperly reduced the benefits owed. As a "seaman" under the Jones Act, 46 U.S.C. §688, Plaintiffs received maintenance and cure benefits which are designed to provide minimal subsistence living expenses to an injured seaman. In addition, Plaintiff Norman's employer periodically advanced or loaned him money against a potential Jones Act settlement.

12. Defendant's policy provides that it may reduce the disability benefits by the amount of "Other Income Benefits" paid to an employee who receives disability benefits. Other income benefits are defined under the policy, (in pertinent part), as follows:

> Other income benefits include: (1) any amounts received (or assumed to be received*) by the employee or his or her dependents under:

. . .

> (5) any amounts received (or assumed to be received*) by the Employee or his or her dependents under any *workers' compensation, occupational disease, unemployment compensation law, or similar state or federal law payable for Injury or Sickness, arising out of work with the Employer, including all permanent and temporary disability benefits.* This includes any damages, compromise or settlement paid in place of such benefits, whether or not liability is admitted. (Exhibit "A," p. 11-12) *emphasis added*

13. Further, Defendant required Plaintiff, Norman, to execute a "Reimbursement Agreement" (attached as Exhibit "B") which provides:

> I have filed a claim for a benefit under Group Short Term Disability (STD) and/or Long Term Disability (LTD). I understand that under the terms of the STD/LTD policy Benefits may be reduced by any amounts that I or my dependents, if applicable, receive or are assumed to receive including, but not limited to:
> - the Canada and Quebec Pension Plan;
> - the Railroad Retirement Act;
> - local, state, provincial or federal government disability or retirement plan or law;
> - work loss provision in "No Fault" auto insurance;
> - Social Security disability or retirement benefits;
> - Permanent or temporary Worker's Compensation or similar state or Federal law;
> - Veteran's Administration Plans.

14. Plaintiffs, and the putative class, received maintenance paid pursuant to the general maritime law. Plaintiff Norman also received advances and a lump sum recovery under the Jones Act. These payments are not "Other Income Benefits" as defined by the policies and the Reimbursement Agreement. These benefits are legally distinguishable from, and have been judicially determined not to be, "workers' compensation" benefits.

15. Accordingly, Defendant reduced and offset Plaintiffs' long-term disability benefits by the amount of maintenance, advances and lump sum recoveries Plaintiffs received from their Jones Act employers by misclassifying such payments as worker's compensation benefits and "Other Income Benefits," which they are not.

16. Plaintiff, Norman, disputed this offset and reduction and, on September 14, 2015, was advised by a long-term disability analyst employed by Defendant that Defendant's classification of maintenance and cure as worker's compensation was correct and that no adjustment to his long-term disability monthly payments would be made. Defendant refused to stop reducing his benefits.

17. Accordingly, Plaintiffs, Individually, and the Class, are entitled to recover the amount of disability benefits which have been improperly offset and reduced by payment and receipt of maintenance, advanced payments, and lump sum recoveries and attorney fees.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this claim individually and on behalf of the following Class:

> All persons domiciled in the United States of America who are or were covered or insured by Defendant under a group short-term disability and/or long-term disability policy issued by Life Insurance Company of North America whose long or short-term disability benefit was reduced by the insured employee's receipt of maintenance paid under the general maritime law and/or by advances and/or lump sum recoveries under the Jones Act, paid by their employer, within the last ten (10) years.

19. The identity of the members of this Class can be objectively ascertained through the use of information contained in Defendant's files as Defendant can identify

its insureds, the employers of their insureds, the plans they're insured by, and whether their benefits have been reduced by receipt of maintenance, advanced payments or lump sum recoveries.

20. The Class consists of hundreds, if not thousands, of individuals who are geographically dispersed across the country making joinder impractical in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the Class can also be determined by and through Defendant's records.

21. Plaintiffs' claims are typical of the claims of the Class Members. The claims of Plaintiffs and the Class Members are based on the same policy form and language, and arise from the same conduct, resulting in the same injury to Plaintiffs and the Class Members. Plaintiffs and the Class Members all had their disability payments improperly reduced by misclassifying maintenance and/or Jones Act lump sum recoveries as worker's compensation for purposes of reducing benefits under the "Other Income Benefit" portion of Defendant's policy.

22. The Class Members have a well-defined community of interest. Defendant acted, and failed to act, on grounds generally applicable to the Plaintiffs and the Class Members, requiring the Court's imposition of uniform relief to insure compatible standards of conduct towards the Class Members regarding the application of the other income portion of the policy.

23. There are numerous questions of law and fact common to the claims of Plaintiffs and the Class and those questions predominate over any questions that may

affect only individual Class Members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

24. Absent a class action, most of the Class Members may have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

25. Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

    a. Whether Defendant's characterization of maintenance and cure payments as worker's compensation is legally and factually correct;

    b. Whether Defendant's characterization of advance payments as worker's compensation is legally and factually correct;

    c. Whether Defendant's interpretation of its Plan and application of the "Other Income Benefit" provision to reduce benefits violates ERISA;

    d. Whether Defendant's characterization of lump sum recoveries under the Jones Act is legally and factually correct:

26. Plaintiffs will fairly and adequately represent and protect the interest of the Class. Plaintiffs have retained counsel experienced in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the respective Class and have the resources to do so. Neither

Plaintiffs, nor their Counsel, have any interests adverse to those of the respective Class Members.

## ERISA VIOLATIONS

27. Pursuant to ERISA, 29 U.S.C. §1132(a), Plaintiffs seek to recover benefits due to them and the Class under the terms of the LICNA disability policy. Plaintiffs are also entitled to attorney fees and all other damages allowed by ERISA based on the facts pled herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that, after due proceedings had, there be judgment rendered in their favor and against Defendant as follows:

A. Certifying the Class as prayed for;

B. Appointing Plaintiffs, Rusty Norman and Weyman Maxon, as Class Representatives, and undersigned counsel as Class Counsel;

C. Declaring that Defendant's classification of maintenance, advance payments and lump sum recoveries paid by Jones Act employers to injured seaman is not "worker's compensation;"

D. Ordering monetary damages to Plaintiffs and the Class and further ordering that Defendant recalculate and issue unpaid long and/or short-term disability benefits to Plaintiffs and the Class Members whose benefit amounts were underpaid and/or reduced by Defendant's improper

       classification of maintenance and cure and/or advance payments as "Other Income Benefits;"

E.    Awarding Plaintiffs reasonable attorney fees and costs, with interest as allowed by law; and

F.    Granting such other equitable relief as is just and proper.

Respectfully submitted:

/s/ Philip Bohrer
Philip Bohrer (#14089)
phil@bohrerbrady.com
Scott E Brady (#24976)
 scott@bohrerbrady.com
BOHRER BRADY, LLC.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

-and-

Dennis M. O'Bryan (*to be admitted PHV*)
DOB@obryanlaw.net
O'BRYAN BAUN KARAMANIAN
401 S. Old Woodward, Suite 463
Birmingham, MI  48009
Telephone: (248) 258-6262
Facsimile: (248) 258-6047